## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## SAN ANGELO DIVISION

|  |  |  |
|---|---|---|
| | § | |
| **MARY L. PENA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 6:04-CV-0049-C** |
| | § | **ECF** |
| | § | **Referred to the U.S. Magistrate Judge** |
| **JO ANNE B. BARNHART,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the court upon Plaintiff's complaint filed August 30, 2004, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff filed a brief in support of her complaint on April 15, 2005, Defendant filed her brief on May 13, 2005, and Plaintiff filed her reply on June 28, 2005. Plaintiff also filed a Motion to Remand for New and Material Evidence, or in the Alternative, Proffer of Evidence to Establish Prejudice Arising from the ALJ's Breach ("Pl. Mot. Remand") on July 20, 2005 (Doc. 17). The Defendant filed her response on July 27, 2005, and Plaintiff filed her reply ("Pl. Mot. Reply") on August 11, 2005. The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this matter to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. This court, having considered the pleadings, the briefs, and the administrative record, recommends that the United States District Judge affirm

the Commissioner's decision and dismiss the complaint with prejudice.  The court further finds that

Plaintiff's motion to remand for new and material evidence (Doc. 17) should be denied.

## I.    STATEMENT OF THE CASE

Plaintiff filed an application for supplemental security income benefits on June 28, 2002,

alleging disability beginning May 1, 2002.  Tr. 12.  Plaintiff's application was denied initially and

upon reconsideration.  Tr. 12, 48-50, 53-58.  Plaintiff filed a Request for Hearing by Administrative

Law Judge on May 1, 2003, and this matter came for hearing before the Administrative Law Judge

("ALJ") on February 26, 2004.  Tr. 12, 21-40, 46-47.  Plaintiff, represented by a non-attorney,

testified in her own behalf.  Tr. 23-38.  Michael Driscoll, a vocational expert ("VE"), appeared and

testified as well.  Tr. 38-40.  The ALJ issued a decision unfavorable to Plaintiff on March 25, 2004.

Tr. 9-17.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a

disability within the meaning of the Social Security Act.  He found that Plaintiff had not engaged

in substantial gainful activity at any time since June 28, 2002, the date Plaintiff filed her application.

Tr. 13, 16.  He found that Plaintiff has "severe" impairments, including degenerative diabetes

mellitus and degenerative changes of the spine and left knee.  Tr. 13, 16-17.  He further found that

Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or

equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P,

App. 1.  Tr. 13, 17.  Therefore, the ALJ was required to determine whether Plaintiff retained the

residual functional capacity ("RFC") to perform her past relevant work or other work existing in the

national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms,

including pain, and the extent to which these symptoms can be reasonably accepted as consistent

with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p.  Tr. 13.

The ALJ found that Plaintiff had no past relevant work.  Tr. 12, 16-17.  He noted that Plaintiff was considered an individual closely approaching advanced age with an eighth grade education.  Tr. 16-17.

The ALJ found that Plaintiff retained the RFC to perform light work that does not require very sharp vision.  Tr. 15, 17.  Having found that Plaintiff had not previously worked, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to perform work despite her severe impairments.  Tr. 15-16.  The ALJ relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history,[1] could perform work which exists in the national economy, including the jobs of bakery worker, with 2,700 jobs in Texas and 107,000 nationally; motel cleaner, with 18,000 jobs in Texas and 264,000 jobs nationally; and school bus monitor, with 2,800 jobs in Texas and 98,000 jobs nationally.  *Id.*  The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision.  Tr. 16-17.

Plaintiff submitted a Request for Review of Hearing Decision/Order on May 7, 2004.  Tr. 6-8.  The Appeals Council issued its opinion on June 25, 2004, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision and denied Plaintiff's request.  Tr. 3-5.  The ALJ's decision, therefore, became the final decision of the Commissioner.

---

[1]    Although the ALJ opinion indicates that he found that Plaintiff has an eighth grade education, the hypothetical question posed to the VE regarded an "individual with the equivalent to a marginal education."  Tr. 39.

On August 30, 2004, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An individual may obtain a review of the final decision of the Commissioner by a United States District Court. 42 U.S.C. § 405(g).  The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002)(citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002).  The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or supplemental security income, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity.  Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271;

*Newton*, 209 F.3d at 453.   In this case, the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to perform work in the national economy.  Tr. 16-17.

## III.   DISCUSSION

Plaintiff claims that the ALJ failed to carry the burden at step 5 of the sequential analysis to show that she can perform work which exists in significant numbers in the national economy. Plaintiff notes that the ALJ found that she functions at a marginal level of education, which she argues has no basis in the record.  Plaintiff further argues that she is, in fact, illiterate, proffers evidence  in support of this proposition, and asks that the court remand for consideration of additional, material evidence demonstrating that she is illiterate.  Plaintiff notes that § 202.09 of the Medical Vocational Guideline, when applied to an individual "closely approaching advanced age" who is limited to light work and is illiterate, would direct a finding of "disabled," and argues that she has demonstrated that the ALJ's failure to appropriately carry his burden was thus prejudicial.

**A.**    **Whether the ALJ erred at step 5 by failing to carry the burden to show that Plaintiff can perform other work which exists in significant numbers in the national economy.**

Plaintiff argues that the ALJ erred at step 5 by failing to base his finding that she had a marginal education, and was thus literate, on substantial evidence in the record.  The ultimate issue is whether the ALJ's decision is supported by substantial evidence.  The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

20 C.F.R, § 404.1564(b) describes the way in which the Commissioner evaluates a claimant's education.  This regulation notes that the importance of educational background may depend on the period of time that has elapsed since the completion of formal education and the onset of impairments and by what the claimant has done. *Id.*  The regulation provides that "the numerical grade level that [the claimant] completed in school may not represent [her] actual educational

abilities," which may be higher or lower.  *Id*.  Where there is no other evidence to contradict it, the

ALJ may appropriately use the claimant's numerical grade level to determine her educational

abilities.  *Id*.  Under this regulation illiteracy is defined as "the inability to read or write" and further

provides that a claimant may be considered illiterate if she cannot read or write a simple message

such as instructions or inventory lists even though the person can sign his or her name.  20 C.F.R,

§ 404.1564(b)(1).  Generally, an illiterate person has had little or no formal schooling.  *Id*.

On the other hand, a "marginal education" means ability in reasoning, arithmetic, and

language skills which are needed to do simple, unskilled types of jobs.  20 C.F.R, § 404.1564(b)(2).

Formal schooling at a sixth grade level or less is generally considered a marginal education.  *Id*.  A

"limited education" means ability in reasoning, arithmetic, and language skills, but not enough to

allow a person with these educational qualifications to do most of the more complex job duties

needed in semi-skilled or skilled jobs.  20 C.F.R. § 404.1564(b)(3). A seventh grade through the

eleventh grade level of formal education is generally considered a limited education.  *Id*.

The regulations further provide that the Commissioner will obtain information about a

claimant's education by asking how long the claimant attended school, whether the claimant is able

to speak, understand, read and write in English, and do at least simple calculations in arithmetic.

The Commissioner will also consider other information about how much formal or informal

education the claimant may have had through her previous work, community projects, hobbies, and

any other activities which might help the claimant to work.  20 C.F.R. § 404.1564(b)(6).

Plaintiff notes that the ALJ indicated in the hypothetical question posed to the VE that

Plaintiff had a marginal education.  Plaintiff argues that the ALJ failed to state any basis for this

finding and that it contradicts 20 C.F.R. § 404.1564(b)(2)-(3), which indicates that a person with an

eighth grade education is generally considered to have a limited education.  Plaintiff argues that

because the ALJ failed to state any basis for his finding, the court has nothing meaningful on which

to base its inquiry of whether the ALJ's finding of Plaintiff's education level is supported by substantial evidence.  She further argues that remand for a determination of her education level is the appropriate remedy.

In his opinion the ALJ noted Plaintiff's eighth grade education level. Tr. 16. He also noted Plaintiff's report of being able to read a little, but not write, and her contradictory testimony of being able to write a simple message, although she cannot spell.  Tr. 15.

These notes are consistent with Plaintiff's testimony. Plaintiff testified that she finished the ninth grade.  Tr. 23.  She also testified that she reads a little bit but does not write.  Tr. 35.  She further testified that she doesn't know how to spell anything but little, simple words and can only write "easy stuff" – like a note indicating that she was going to the store.  Tr. 37.  Plaintiff also indicated that she needs her daughter to write for her.  Tr. 81.  At the hearing, the hypothetical question presented to the VE regarded an individual with an educational level "equivalent to a marginal education."  Tr. 39.

Plaintiff agrees that the ALJ's conclusion that substantial evidence contradicted the presumption that she functions at an eighth grade level is well-founded.  Plaintiff argues, however, that the ALJ was then required to properly determine the education level at which she actually functions in order to complete the step 5 analysis.   Plaintiff cites *Albritton v. Sullivan* for support. *See Albritton v. Sullivan*, 889 F.2d 640, 642 (5th Cir. 1989).  In *Albritton*, the Fifth Circuit found that an ALJ had erred in finding that the claimant, who had a fourth grade education, had a "marginal education."  *Id.*  However, in that case the uncontradicted evidence indicated that the claimant could neither read nor write.  *Id.*  Both the claimant and his wife testified that he could neither read nor write but could only sign his name. *Id.*  Plaintiff also points to *Jimmerson v. Apfel* for support.  The claimant in *Jimmerson* had a tenth grade education, claimed he was illiterate, and was found by the ALJ to have a marginal education.  *See Jimmerson v. Apfel*, 111 F. Supp. 2d 846,

850 (E.D. Tex. 2000).  In *Jimmerson*, it was noted that the ALJ had asked over thirty (30) questions of the claimant concerning his ability to read, and "[e]ach and every answer the [claimant] gave was consistent with his testimony that he could not read and write.  *Id.*.  In that case "[t]here was virtually no evidence presented at any hearing that was inconsistent with the [claimant's] allegations of illiteracy."  *Id.*

In this case, however, there was evidence in the record to support the ALJ's finding that Plaintiff had a marginal education.  As noted above, Plaintiff testified that she read a little and was able to write "easy stuff," although she cannot spell worlds that are not little or simple.  Tr. 35, 37. This is consistent with the description of a marginal education under 20 C.F.R. § 404.1564(b)(2).

Consistent with the manner in which 20 C.F.R. § 404.1564(b)(6) instructs the Commissioner to obtain information about a claimant's education, the ALJ asked Plaintiff about her education and ability to speak, read, and write. Moreover, her disability report indicates that she is able to speak and read English.  Tr. 99.  Plaintiff argues that the ALJ failed to state *any* basis for his finding.  Pl. Brief at 10.  However, the ALJ discussed Plaintiff's ability to read, write, and spell in his decision. Tr. 15.

Plaintiff points to *Dixon v. Heckler*, a Tenth Circuit case, wherein the Court noted that the burden was on the Commissioner to show the claimant's literacy at step 5.  *See Dixon v. Heckler*, 811 F.2d 506, 509 (10th Cir. 1987).  The case in *Dixon* may be distinguished from the facts of the instant case.  The claimant in *Dixon* was not represented, and both the claimant and her sister testified that she was not able to write.  *Id*.  The Tenth Circuit in *Dixon* noted that the ALJ relied upon the claimant's formal education in making his finding of literacy.  *Id*.   In its opinion, the Court noted:

> The duty of inquiry takes on special urgency when the claimant has little education
> and is unrepresented by counsel. That special urgency is evident in the instant case,
> where Dixon had no attorney at the hearing before the ALJ, and was accompanied

> only by her sister, who had no formal schooling whatsoever. Neither the ALJ's colloquy with Dixon nor the district court's opinion evidences the specific and nonadversarial inquiry the law requires.

*Id.* at 510-11 (internal citations omitted).  In this case, Plaintiff was represented by a non-attorney at her hearing before the ALJ.  Tr. 23.  Plaintiff's advocate specifically noted that she had a ninth grade education.  Tr. 110.  Interestingly, Plaintiff's advocate did not argue the issue of literacy in a letter to the Appeals Council. Tr. 8. This is similar to the situation of the claimant in *Dixon*.  *See Dixon*, 811 F.2d at 509.  However, in this case, the ALJ did not rely upon Plaintiff's formal education in implicitly finding literacy, and there was evidence in the record indicating that Plaintiff could read and write.  Thus, this case must be distinguished from *Dixon*.  Other courts have found that a finding of literacy is warranted even where the claimant is only able to read very simple messages.  *See Starks v. Bowen*, 873 F.2d 187, 190 (8th Cir. 1989)(noting that a finding of literacy is warranted even when the claimant is able to read and write only very simple messages, despite the claimant's testimony that he did not know a lot of words in newspaper articles, his below-third-grade achievement tests score, and a report indicating that he could read and write although he had difficulty with "some of the big words").  *See also, Howard v. Massanari*, 255 F.3d 577, 584-585 (8th Cir. 2001)(noting that the ALJ's failure to develop more robust proof of literacy or illiteracy is not fatal to the Commissioner's decision where the record contains evidence pointing to the claimant's ability to read).

The court finds the opinion of the District Court in *Savage v. Barnhart* helpful.  *See Savage v. Barnhart*, 372 F. Supp. 2d 922, 931 (S.D. Tex. 2005).  In *Savage*, the claimant had a sixth grade education, had obtained a driver's license, and indicated that she read the Bible.  The only evidence of her illiteracy was her testimony, which the District Court "more aptly meets the definition of marginal education when taken as a whole."  *Id.* at 931 (citing  20 C.F.R. § 404.1564(b)).  In this

case, the ALJ discussed the basis for his finding, and Plaintiff's testimony was in fact consistent with the definition of marginal education when taken as a whole.

I find that the ALJ did not fail to state any basis for his finding. I further find that the ALJ's determination that Plaintiff had a marginal education was supported by substantial evidence in the record and that such evidence was sufficient to carry his burden at step 5 of the sequential evaluation process. There is nothing in the record to suggest that Plaintiff's testimony that she can write "I am going to the store" was merely the result of her capitulation to the ALJ's intimidation, as argued by the Plaintiff. Her testimony and the record as a whole is consistent with the ALJ's finding of marginal education.

**B.     Whether the court should remand for consideration of Plaintiff's new evidence.**

Plaintiff correctly notes that the application of Rule 202.09 of the Grids would direct a finding of disabled for a person who is closely approaching advanced age and physically limited to light world, who has no past relevant work, and who is illiterate. Plaintiff argues that as the literacy issue was crucial in this case, the ALJ should have developed a stronger record. Plaintiff asks that the court remand for consideration of additional evidence, which she has proffered in support of her request.

Plaintiff argues that the ALJ breached his duty to develop the evidence about Plaintiff's reading and writing abilities. Plaintiff points to *Wilcutts v. Apfel* for support. *See Wilcutts v. Apfel*, 143 F.3d 1134, 1137 (8th Cir. 1998). *Wilcutts* involved a case where the claimant and his wife both testified that he was unable to read, and a psychologist and a worker at the Social Security Administration observed that the claimant could not read. *Id.* There, the Eighth Circuit found that "[a]ll of these factors should have alerted the Commissioner to the need to establish whether or not [the claimant was] literate." *Id.* The record in this case, however, demonstrates that there was substantial evidence to support the ALJ's determination that Plaintiff had a marginal education.

-10-

When new evidence becomes available after the Secretary's decision and there is a reasonable probability that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered. To justify a remand, 42 U.S.C. § 405(g) requires that the evidence must be new and material, and there must be good cause for the Plaintiff's failure to incorporate the evidence into the record before the ALJ's decision. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Haywood v. Sullivan,* 888 F.2d 1463, 1471 (5th Cir. 1989).  The court will review new evidence only to determine if a remand is appropriate.  *Id.*  In order to be material, such new evidence must relate to the time period for which the disability benefits were denied, and there must be a reasonable probability that this new evidence would change the outcome of the Secretary's decision.  *Ripley*, 67 F.3d at 555.

Plaintiff has proffered an achievement test report from Joe Jeffers, Ed.D, indicating May 16, 2005, as the date of assessment.  Pl. Mot. Remand Ex. A ("Jeffers Report").  This report notes that Plaintiff was retained in the fifth and sixth grades, failed the tenth grade, and dropped out of school thereafter.  Jeffers Report at 1.  The report indicates that the Wide Range Achievement Test III was administered to Plaintiff.  Jeffers Report at 2.  The report indicates that Plaintiff's scores corresponded to grade level equivalents of third grade in reading, and second grade in spelling and arithmetic.  *Id*.  Dr. Jeffers indicates that Plaintiff's scores were consistent with her recollection of academic performance and further indicates that Plaintiff was able to perform simple math problems involving adding and subtracting numbers which did not involve the concept of borrowing from the next column.  *Id*.

The parties stipulate that the report by Dr. Jeffers is "new."  However, the parties disagree as to whether the report is material, whether there is a reasonable probability that consideration of the report would change the outcome,  and whether Plaintiff has demonstrated prejudice.

      1.      **Is the Jeffers Report "material"?**

Under *Ripley,* "when new evidence becomes available after the Secretary's decision and there is a reasonable probability that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered." *Ripley*, 67 F.3d at 555 (citing 42 U.S.C. § 406(g)). *Ripley* further provides that in order to be material, such new evidence must relate to the time period for which the disability benefits were denied, and there must be a reasonable probability that this new evidence would change the outcome of the Secretarys decision. *Ripley*, 67 F.3d at 555.

Plaintiff notes that the relevant period for which SSI disability benefits were denied is June 13, 2002, the date of her application, through March 25, 2004, the date of the ALJ's decision. Pl. Mot. Remand at 2. Plaintiff argues that the information in the Jeffers Report is consistent with her academic history, and she further argues that there is no evidence to suggest that her reading and spelling abilities have changed. *Id.* at 3. Plaintiff notes that evidence generated after an ALJ's decision may be material where the evidence relates to issues during the alleged disability and argues that the proffered evidence "clearly relate[s] to Ms. Pena's reading and writing abilities" during the relevant time period. Pl. Mot. Reply at 4. Plaintiff alleges that her reading and writing abilities are "well-fixed and static." *Id.* She argues that there is no evidence to show that her reading and writing levels had fallen precipitously during the period between the ALJ's decision and the testing by Dr. Jeffers. *Id.* at 5.

However, Plaintiff bears the burden to show that the evidence is material and that she had good cause for her failure to submit the evidence in the prior proceeding. *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981). Although Plaintiff argues that there is "no evidence" to show that Plaintiff's reading and writing levels have changed, she bears the burden in asking for a remand to consider new and material evidence. Moreover, the regulations themselves do not provide that

reading and writing ability are "well-fixed and static." Rather, 20 C.F.R. § 404.1564(b) notes that the importance of educational background may depend on the period of time that has elapsed since the completion of formal education and the onset of impairments and by what the claimant has done. Moreover, although Dr. Jeffers indicates in his report that Plaintiff "would qualify as illiterate," there is nothing to indicate that his determination of illiteracy is the same as the definition set forth in 20 C.F.R. § 404.1564(b)(1). Illiteracy is generally noted where there is a history of little or no schooling; a marginal education means an education at a sixth grade level *or less*. The objective results of Dr. Jeffers' testing and even his opinion that Plaintiff "would qualify as illiterate" does not indicate that during the relevant period she met the applicable definition of illiterate; nor does it demonstrate that those results are in fact static and well-fixed.

Even if the court were to find that the Jeffers Report relates to the relevant time period, the Plaintiff must also show that there is a reasonable probability that the new evidence would change the outcome. Defendant does not argue that Plaintiff has failed to meet this criterion. Rather, the Commissioner argues that the Plaintiff cannot now rebut her step 5 finding because at the time of the administrative hearing, Plaintiff did not present a hypothetical question to the VE including an assumption of illiteracy. Defendant cites to *Perez v. Barnhart* in support of this contention. *See Perez v. Barnhart*, 415 F.3d 457, 463 (5th Cir. 2005). This court is not persuaded by this argument and finds *Perez* inapposite, as the claimant in that case did not allege that he would have been deemed disabled but for the ALJ's finding regarding his education levels. *Id.*

**2.     Has Plaintiff shown good cause for the failure to previously incorporate the Jeffers Report into the record?**

Plaintiff argues that the ALJ breached his duty to develop the evidence as to her literacy. Plaintiff further argues that this breach constitutes "good cause" for her failure to previously present the proffered evidence. Plaintiff alternatively argues that even if the proffered evidence is not new

and material, she has demonstrated prejudice from the ALJ's failure to develop the record sufficient to require remand. Plaintiff essentially argues that the ALJ failed to fully and fairly develop the record regarding her ability to read and write and that he should have ordered consultative achievement testing after the hearing. This argument addresses two separate issues: (1) whether she has shown good cause for her failure to previously present the proffered evidence because of the breach and (2) whether she has established prejudice from this breach which requires a remand.

"The ALJ has a duty 'to develop the facts fully and fairly relating to an applicant's claim for disability benefits.'" *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001)(quoting *Newton*, 209 F.3d at 458). The claimant has the burden to prove that he is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). This court may not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure. *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000)(citing *Brock v. Chater*, 84 F.3d 726 (5th Cir. 1996)). In order to establish prejudice, a claimant must demonstrate that he or she "could and would have adduced evidence that might have altered the result." *Carey*, 230 F.3d at 142 (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)).

Under some circumstances, a consultative examination is required to develop a full and fair record. 20 C.F.R. § 404.1517. The decision to require such an examination is discretionary. *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987). A consultative examination for additional testing is required when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on a Social Security disability claim. 20 C.F.R. §§ 404.1519a(b), 416.919a(b).

Plaintiff correctly notes that the Commissioner bears the burden at step 5. However, as the court has found, the ALJ's determination that Plaintiff had a marginal education was supported by substantial evidence in the record. Plaintiff's testimony and the other evidence in the record was

not sufficient to require that the ALJ further develop the record as to her literacy. Because there was sufficient evidence to support the ALJ's finding that Plaintiff had the equivalent of a marginal education, a consultative examination for achievement testing was within the ALJ's discretion. The facts in the record and the allegations by Plaintiff's advocate as well as her testimony were not sufficient to trigger any additional duty by the ALJ to investigate her literacy. The court finds that the ALJ did not breach the duty to develop the record as to Plaintiff's ability to read and write and did not err by failing to further investigate Plaintiff's literacy, such as by ordering consultative achievement testing. Even assuming that the Jeffers Report was material, Plaintiff has failed to demonstrate good cause for her failure to previously incorporate this information into the record. Plaintiff has also failed to demonstrate that remand is required because the ALJ breached his duty to fully and fairly develop the record.

## IV.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States District Judge affirm the Commissioner's decision and dismiss the Plaintiff's complaint with prejudice. The court further recommends that Plaintiff's Motion to Remand for New and Material Evidence, or in the Alternative, Proffer of Evidence to Establish Prejudice Arising from the ALJ's Breach (Doc. 17) should be denied.

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1) and Rule 4 of Miscellaneous Order No. 6, For the Northern District of Texas, any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 11 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such

written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.   *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).   Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within 11 days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the United States Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.   *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

DATED this 27th day of February, 2006.

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**